**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VERONICA LOPEZ-CAMPOS; et al., | No. 23-873 |
| Petitioners, | Agency Nos.<br>A212-975-367<br>A212-975-366 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 18, 2025[**]

Before:     CANBY, S.R. THOMAS, and SUNG, Circuit Judges.

Veronica Lopez-Campos and her child, natives and citizens of Honduras,

petition pro se for review of the Board of Immigration Appeals' ("BIA") order

dismissing their appeal from an immigration judge's decision denying their

applications for asylum, withholding of removal, and protection under the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019). We grant the petition for review and remand.

Substantial evidence does not support the agency's determination that petitioners failed to establish a nexus to a protected ground. *See Corpeno-Romero v. Garland*, 120 F.4th 570, 582 (9th Cir. 2024) (petitioner's family status "caused the gang members to initiate their threats and remained front and center during his encounters with them" (internal quotation marks and citation omitted)); *see also Rodriguez Tornes v. Garland*, 993 F.3d 743, 751 (9th Cir. 2021) ("That an unprotected ground . . . *also* constitutes a central reason for persecution does *not* bar asylum."); *Barajas-Romero v. Lynch*, 846 F.3d 351, 359-60 (9th Cir. 2017) (the less demanding "a reason" standard applies to withholding of removal claims).

Further, we are not confident that the agency considered all probative evidence of the Honduran government's inability or unwillingness to protect petitioners, including petitioners' statements that the police exchanged weapons and information with gang members, and documentary evidence of widespread government corruption and impunity for offending officials. *See Antonio v. Garland*, 58 F.4th 1067, 1077-78 (9th Cir. 2023) (remand warranted where agency may have failed to consider all probative evidence of government's inability or unwillingness to protect petitioner from persecution); *Cole v. Holder*, 659 F.3d

762, 771-72 (9th Cir. 2011) (agency decision cannot stand where there is any indication it did not consider all evidence before it, including "failing to mention highly probative or potentially dispositive evidence"); *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1069-70 (9th Cir. 2017) (en banc) (nonreporting of persecution to authorities does not create a "gap" in the evidence that requires a higher standard of proof).

Thus, we grant the petition and remand to the BIA to reconsider petitioners' eligibility for asylum and related relief, and for any further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

In light of this disposition, we need not reach petitioner's remaining contentions. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

The temporary stay of removal remains in place until the mandate issues.

The government must bear the costs for this petition for review.

**PETITION FOR REVIEW GRANTED; REMANDED.**